# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIMINAL ACTION 03-00266-KD |
| ) | |
| MARIO LAVON FRANKS, ) | |
| ) | |
|     Defendant. ) | |

## ORDER

This action is before the Court on the Motion for Downward Departure and in the alternative, Request for Sentencing Variance filed by Defendant Mario Lavon Franks (doc. 110). Upon consideration, and for the reasons set forth herein, the Motion is DENIED.

In January 2005, Franks was sentenced to a term of 60 months for the offense of conspiracy to possess with intent to distribute cocaine (doc. 88). Upon release from prison, Franks was placed on conditions of supervised release. However, Franks violated a condition of supervised release and in December 2011, he was sentenced to a term of 12 months in prison for the violation (doc. 108). Also, in December 2011, Franks was sentenced to a term of 132 months for the offense of conspiracy to distribute cocaine and crack cocaine. *United States v. Franks*, Criminal Action No. 10-00187-KD-M (S.D. Ala. 2010) (doc. 625). Franks was ordered to serve the 12 months sentence consecutive to his sentence of 132 months. He is currently incarcerated with the Federal Bureau of Prisons.

Franks moves the Court to reduce his sentence based upon his rehabilitation during incarceration. In support, Franks has provided the Court with his Inmate Education Data showing a list of completed educational courses and his Inmate Discipline Data report, which shows that he has not been disciplined (doc. 110, p. 4-5). Franks also argues that the decision in *United*

*States v. Pepper*, 131 S. Ct. 1229 (2011) provides legal authority for the Court to resentence him and reduce his sentence on basis of his rehabilitation.

Franks reliance on *United States v. Pepper* is misplaced. In that case, defendant Pepper appealed and his sentence was reversed and remanded to the district court for resentencing. Relevant to Franks' motion, the Supreme Court held that

> In light of the federal sentencing framework described above, we think it clear that when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range.

131 S. Ct. at 1242.

However, Franks' sentences have not been reversed and remanded to this Court. Therefore, he is not before the Court for resentencing as provided in *United States v. Pepper*. The Court acknowledges Franks considerable efforts toward rehabilitation, the educational courses he has completed, and the report showing the absence of disciplinary infractions during his incarceration, but rehabilitation alone is not a basis for resentencing. *See* U.S.C. § 3582(c) ("Modification of an imposed term of imprisonment"). Accordingly, Franks' motion is due to be denied.

**DONE** and **ORDERED** this the 3rd day of April 2018.

                                             **s/ Kristi K. DuBose**
                                             **KRISTI K. DuBOSE**
                                             **CHIEF UNITED STATES DISTRICT JUDGE**